

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00040-CR
_____

DAVID TURNEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 17F0519-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

David Turney was convicted by a jury of continuous sexual assault of a child under fourteen years of age, a first-degree felony,[1] and was sentenced to life in prison without parole. Turney appeals.

Turney's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the trial court proceedings, and stating that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal and informed Turney of his right to review the record provided by counsel and file a pro se response.

By letter dated July 22, 2019, this Court advised Turney that his pro se response, if any, was due on or before August 21, 2019. By letter dated September 9, 2019, this Court advised Turney that this case had been set for submission on September 30, 2019. Turney did not file a pro se response and did not request an extension of time in which to file such a response.

Notwithstanding the filing of an *Anders* brief, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*,

---

[1]*See* TEX. PENAL CODE ANN. § 21.02.

435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). The judgment here contains such an error. The judgment incorrectly lists the statute for the offense of continuous sexual abuse of a child under age fourteen as Section 22.02 of the Texas Penal Code. The correct statute for this offense is Section 21.02 of the Penal Code. *See* TEX. PENAL CODE ANN. § 21.02.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. Accordingly, we modify the trial court's judgment by deleting the incorrect statutory reference and by substituting in its stead Texas Penal Code Section 21.02.

We affirm the trial court's judgment, as modified.[2]

Scott E. Stevens
Justice

Date Submitted:     September 30, 2019
Date Decided:       October 11, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.